IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FITCH DANIEL,<br><br>    Plaintiff,<br><br>  vs.<br><br>UNITED NATIONS (UN), UNITED KINGDOM, ACHOLI TRUST TERRITORIES, KINGDOM OF DENMARK, DENMARK, DANISH REALM, and EUROPEAN UNION,<br><br>    Defendants. | **8:24CV135**<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on Plaintiff Fitch Daniel's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and Complaint, Filing No. 1. For the reasons that follow, Plaintiff's IFP Motion will be denied without prejudice to reassertion as the motion is deficient, and Plaintiff will be required to file an amended complaint that complies with the Federal Rules of Civil Procedure.

## I. IFP MOTION

  Plaintiff filed his IFP Motion using the standard Form AO 240 "Application to Proceed in District Court Without Prepaying Fees or Costs." Filing No. 2. However, his motion does not comply with the terms of 28 U.S.C. § 1915, the statute authorizing proceedings in forma pauperis. *See* 28 U.S.C. § 1915(a)(1) (requiring the plaintiff to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor"). For instance, Plaintiff lists his gross pay as $75 and his take-home pay as "0.27 per Shilling." Filing No. 2 at 1. Plaintiff

similarly lists "$0.27 Per Shilling" as the amount of money he has in cash or in a checking or savings account, as well as the amount of his regular monthly expenses of "metre and guage." Id. at 2.

Accordingly, the Court determines that Plaintiff's present motion to proceed IFP is insufficient and is, therefore, denied. Plaintiff has the choice of either submitting the $405.00 filing and administrative fees to the Clerk's office or submitting a request to proceed in forma pauperis that complies with 28 U.S.C. § 1915. Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Plaintiff.

## II. INITIAL REVIEW OF COMPLAINT

Even if Plaintiff's IFP Motion were not deficient, the Court would conclude that this matter could not proceed as Plaintiff's Complaint is unintelligible and fails to comply with the Federal Rules of Civil Procedure.

**A. Summary of Complaint**

Plaintiff's Complaint is incomprehensible. Plaintiff does not even identify himself as the plaintiff in this case, but rather lists "United Nations (UN)," "United States Government," and "Acholi Trust Territories" as plaintiffs. UN and Acholi Trust Territories are also listed as defendants along with "United Kingdom." Filing No. 1 at 1. Plaintiff also lists "Kingdom of Denmark," "Denmark," "Danish Realm," and "European Union" as defendants in the body of the Complaint. Id. at 3. Plaintiff lists "UG:114380" as the basis for this Court's federal question jurisdiction, but the Court cannot identify any federal statute or other legal authority that correlates to that reference. As his statement of claim, Plaintiff writes "Doc #29," which appears to reference an attached March 29, 2024, order by the Court returning materials to Plaintiff through the PS3000 designation because the Court could not ascertain what Plaintiff was requesting. Id. at 7–8; see also Filing No. 29, Case No.

2

4:24PS3000. For relief, Plaintiff requests "medium of exchange, language, food and shelter. Citizenship – cont. Rights and liabilities of – cont. transmission of nationality to children born abroad under UG:114380, Section vii of United States Government, Acholi Trust Territories . . . . [-] 7.91.05 Doc#29[.]" Filing No. 1 at 5–6.

In addition to the March 29, 2024, PS3000 order, Plaintiff attached twenty-nine pages of assorted documents of no discernible relevance including copies of his passport, a Nebraska Department of Motor Vehicle form addressed to Plaintiff, portions of an apparent landlord-tenant agreement, general information about the Acholi Trust Territories, Plaintiff's W-2 statements and other financial records, a "Honda Multi Point Vehicle Inspection Checklist," and documents referencing other federal, state, and international courts. *Id*. at 9–37. Plaintiff also included a handwritten statement in which he appears to "request airfare for a return to Europe[]" after being "unjustly detained at a detention centre near Copenhagen, Denmark for seven days without an Acholi, Luo, and Acoli Interpreter" and returned back to America on August 13, 2023, from Billund Lufthaun Airport. *Id*. at 12–13.

**B. Legal Standards on Initial Review**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint

3

must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

**C. Discussion**

Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Among other procedural requirements, parties must formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or

4

occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 Fed. App'x 644, 645 (8th Cir. 2012) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994)). "A litigant cannot ignore [his] burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks." *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)).

Plaintiff's Complaint does not contain a "short and plain statement" of his claims nor is it "simple, concise, and direct." The pleading also does not contain a "short and plain statement" of the grounds for this Court's federal jurisdiction as Plaintiff's reference to "UG:114380" does not refer to any federal law or authority discernible to this Court. *See Lane v. City of Lee's Summit*, No. 4:21-00437-CV-JAM, 2021 WL 5311330, at *2 (W.D. Mo. Nov. 15, 2021) ("While the pleading standards are not intended to be onerous on plaintiffs, defendants and courts are not required to scour the federal code to locate applicable statutes and jurisdictional bases that a plaintiff may or may not be invoking. Plaintiff, therefore, must clearly identify a federal statute or other

appropriate legal authority that supports the legal claim or claims giving rise to this suit.").

In sum, Plaintiff's Complaint is largely unintelligible and incomprehensible, and is therefore subject to preservice dismissal under 28 U.S.C. § 1915(e). *See Batchelder v. I.N.S.*, 180 F. App'x 614, 615 (8th Cir. 2006) (dismissing pro se complaint without prejudice for plaintiff's failure to provide fair notice of claim and grounds upon which it rests). However, the Court will give Plaintiff leave to file an amended complaint as set forth below.

### III. CONCLUSION

Plaintiff's IFP motion does not comply with the terms of 28 U.S.C. § 1915 and is, therefore, denied without prejudice to reassertion in a motion that does comply with § 1915. Plaintiff's unintelligible Complaint is also subject to preservice dismissal for failure to satisfy the minimum federal pleading standards. On the Court's own motion and out of an abundance of caution, the Court will allow Plaintiff to file an amended complaint that states a plausible claim for relief against specific named defendants. Plaintiff should be mindful to explain what each defendant did to him, when each defendant did it, and how each defendant's actions harmed him.

If Plaintiff files an amended complaint, he must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. *See, e.g.*, *Chandler v. Pogue*, 56 Fed. App'x 756 (8th Cir. 2003) (per curiam) (unpublished opinion) (holding district court did not abuse its discretion by dismissing pro se inmate's lengthy complaint for failure to comply with Rules 8 and 10). That is, the amended complaint must contain both "a *short and plain* statement of the grounds for the court's jurisdiction," "a *short and plain* statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a) (emphasis added). The claim statement should be presented "in

numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 2, is denied without prejudice to reassertion in a motion to proceed in forma pauperis that complies with 28 U.S.C. § 1915.

2. Plaintiff is directed to submit the $405.00 fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

3. The Clerk of the Court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

4. Plaintiff is granted leave to file an amended complaint within 30 days. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

5. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **February 28, 2025**: MIFP or payment and amended complaint due.

6. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 29th day of January, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge